PATRICK McCABE vs. ARMOUR COMPANY.

First Judicial District, Hartford, May Term, 1914.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The grantee of a right to "pass and repass," on foot and with vehicles of all kinds, through an arched passageway or tunnel cut through a building, and thence across an "open court" to the rear of the grantee's own building, and to use the same for loading and unload-

ing its merchandise, does not by virtue of its deed acquire the right to use, as a platform for its merchandise, the cover or top of an ash-pit theretofore constructed by the grantor upon his own land in a corner of this open space, especially if it appears from other deeds, to which the grantee's deed refers, that the ash-pit was not built upon land which formed a part of the "open court" as bounded and described in such deeds.

The location of a way which is not determined as a mere matter of construction of the deed, but depends in part upon extrinsic circumstances, is a question of fact rather than one of law.

Argued May 5th—decided July 13th, 1914.

SUIT to restrain the defendant from using or attempting to use a certain strip of land alleged to be owned by the plaintiff upon which was an ash-bin and chute connected therewith, and also for damages, brought to and tried by the Superior Court in Hartford County, *Holcomb, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

*James E. Cooper*, with whom was *John H. Kirkham*, for the appellant (defendant).

*John Walsh* and *Bernard F. Gaffney*, for the appellee (plaintiff).

THAYER, J. It appears from the finding and the exhibits, which are a part of it, that the defendant owned a lot of land in New Britain covered by a brick building which abuts westerly, in part, upon an open space about thirty-six by forty feet in dimensions, which is enclosed on the other three sides by buildings which are owned in severalty by the plaintiff, one Dawson, and the Commercial Stock Company. The plaintiff's building occupies the entire southerly side, Dawson's building occupies the westerly side, and the Commercial Stock Company's building occupies the northerly side. These three abutting owners own, in severalty, the fee

of the entire open space, the plaintiff owning the entire easterly portion upon which the defendant's land and building abut. The defendant owns no part of this open space, the line of the westerly face of its building being the westerly boundary of its lot. Access to this open space is had through an arched passageway nine and a quarter feet wide through the building of the Commercial Stock Company from Commercial Street, upon which that building and the defendant's building front on the north. At the extreme northeast corner of the open space as thus described, the plaintiff had erected, upon land of which the fee was in him, an ash-pit about five feet and four inches wide from east to west, six feet long from north to south, and five feet in height, covered with a bluestone slab. The defendant removed this slab and about a foot of the brickwork and re-covered the pit, and is using the top of the ash-pit as a platform from which to load and unload meat in the prosecution of its business. This action is brought to recover damages for this claimed trespass and to restrain the further use of the top of the ash-pit as a means of entrance to the defendant's building.

The defendant's title to its land and building came to it through mesne conveyances from the plaintiff and his brother, and it is a conceded fact in the case that the defendant has a right of way, granted in the McCabe deed, to pass from Commercial Street through the arched passageway and across the open space to the west side of its building in connection with the use of its property. The dispute between the parties is as to the extent of the defendant's rights in the open space west of its building. So far as appears, no claim was made to any right otherwise acquired than by this deed. The court held that the defendant did not acquire, through the McCabe deed, any right to do the acts which are complained of as having been done or threat-

ened to be done. The portion of this deed upon which the defendant relies reads as follows: "Together with the right in common with the grantors and others to pass and repass on foot and with animals, vehicles and teams of all kinds, over, along and upon a certain passway and court way leading from Commercial St. to the west side of the premises herein conveyed; said passway leading from Commercial St. southerly, and is bounded north by Commercial St.; east and west by land of The Commercial Stock Co., and is about nine and twenty-five one hundredths (9.25) feet wide for a distance of forty-three and seven tenths (43.7) feet, when the same opens into an open court about forty (40) feet by about thirty-six (36) feet and thence over, along and across said open court to the west side of the premises herein conveyed, with the right to the use of the same for loading and unloading merchandise from and on teams and vehicles; said passways rights and rights in said court being more fully and at large set forth in a deed from the Commercial Stock Co. to said grantors dated June 25th, 1895, and recorded in Volume 12 (Mss.) Land Records of New Britain, Page 177, and by an agreement between James L. Dawson and the grantors dated November 5th, 1897, and recorded Volume 14 (Mss.) Land Records of New Britain, Page 172, to which deed and agreement reference is hereby made."

The defendant claimed that the "open court" referred to in this description includes the entire open space, thirty-six by forty feet in dimensions, within the rear walls of the four buildings mentioned. The court has found that the open court does not occupy this entire space, but occupies only a portion of it, thirty by thirty-three feet in dimensions, and excludes a strip about seven feet wide on the south side of the Commercial Stock Company's building east of the archway

and a strip about nine feet adjoining the west side of the defendant's building and extending the entire forty feet from north to south. The deed and agreement which are referred to in the deed from the McCabes to Armour, and the map which is made a part of that deed, show that the Commercial Stock Company did not convey to the McCabes any right of way or other rights in the seven-foot strip next south of its building extending from the archway to the McCabe property on the east. At the time the deed was given to Armour, this strip was occupied by permanent structures erected thereon, as it was when the McCabes acquired their rights in the "open court," and has continued to be so occupied, as found by the court, up to the time of the trespasses complained of. Both the language of the deed from the Commercial Stock Company to the Mc-Cabes, and the map which is made a part thereof, show that the north line of the court described therein is about seven feet south of the south line of that company's building. These conclusively show, as the court has found, that the statement in the description giving the length of the east wall of the archway as forty-three and seven tenths feet is a mere mistake of the scrivener and has not the importance which is given to it by counsel for the defendant. The map makes it clear that the open court begins forty-three and seven tenths feet south of Commercial Street, and the trial judge finds that the east side of the brick wall of the archway is thirty-seven and two tenths feet.

The defendant, having failed in its claim that the open court included the entire thirty-six by forty feet included within the brick walls of the buildings, has no case, unless the deed upon which it relies grants a right over the entire nine-foot strip on the west of its building now owned by the plaintiff which is not a part of the court. The deed undoubtedly gives the defendant

a right of way across this strip to its building. The location of the way is not fixed by the deed as a matter of mere construction of the deed. At the time when it was given, the way in use extended across the strip just south of the ash-pit, where the only door opening out of the defendant's building upon this strip of land was located. All to the north of it was obstructed by the plaintiff's ash-pit and by the obstructions which continue to exist upon the adjoining seven-foot strip of the Commercial Stock Company. The defendant has changed the location of its door to the north, making it necessary, in order to enter the building, to pass over the ash-pit. These and other extrinsic circumstances were to be considered in connection with the language of the deed to reach a proper determination as to the intention of the parties expressed by the general language. Its construction was thus rather a question of fact than a question of law for the court to determine; *School District* v. *Lynch*, 33 Conn. 330, 333; but whether of law or of fact, we think it was correctly decided.

There is no error.

In this opinion the other judges concurred.